UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD STINSON,

                              Plaintiff,

   vs.                                                    9:08-CV-481
                                                                 (LEK/GJD)
T. TYMINSK, et al.,

                              Defendants.
_____

RICHARD STINSON, Plaintiff pro se
DOUGLAS J. GOGLIA, AAG, Attorney for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this civil rights complaint, plaintiff alleges that defendants failed to protect him from assault by another inmate in violation of plaintiff's constitutional rights. (Dkt. No. 1).  Plaintiff seeks substantial monetary relief.  Presently before the court is defendants' motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 10).  Plaintiff requested an extension of time to respond to defendants' motion. (Dkt. No. 15).  On July 30, 2008, this court gave plaintiff until September 11, 2008 to file a response. (Dkt. No. 15).  However, as of the date of this report, no response has been filed.  For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

**DISCUSSION**

1. **Motion to Dismiss**

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)(quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id.* (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)). When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). The court has a particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)(*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)(citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

2. **Facts**

In his complaint, plaintiff alleges that on October 15, 2006, while he was incarcerated at Great Meadow Correctional Facility, he left his housing unit to attend

his afternoon meal, followed by a period of recreation in the "big yard." Complaint Facts at ¶ 1. Plaintiff alleges that he was in the recreation yard, preparing to return to his housing unit, when he was grabbed from behind by an unknown inmate, who dragged a sharp object across the right side of plaintiff's face. *Id.* ¶¶ 5-6. An altercation began between the unknown inmate and plaintiff. *Id.* ¶ 7. Defendants Tyminski[1] and Weeks brought the fight under control, and plaintiff was escorted to the facility clinic, where he received thirty nine stitches on the right side of his face. *Id.* ¶¶ 8-9.

Plaintiff has named Officers Tyminski and Weeks as defendants in this action, together with Great Meadow Superintendent Gary Greene and Deputy Superintendent of Security "John Doe.[2]" Plaintiff claims that defendants are all responsible for failing to protect plaintiff from assault. Complaint Facts ¶ 10. Plaintiff claims that generally, inmates must walk through a metal detector prior to entering the recreation yard to ensure that they do not bring weapons into the area. *Id.* ¶ 2. Plaintiff alleges that on the day of the assault, "recreation officers," including defendants Tyminski and Weeks did not use the metal detector, but chose to "randomly pat frisk" the inmates prior to entry into the yard.

Plaintiff claims that Superintendent Gary Greene and Deputy Superintendent of Security John Doe created a policy or custom that allowed corrections officers to

---

[1] Although plaintiff has spelled this defendant's name "Tyminsk," the defendant's name is Thomas Tyminski, and the court will use the proper spelling of defendant's name in this report.

[2] Defendant John Doe has not been identified or served in this action. No argument for dismissal as to this defendant. This court need not address this issue at this time because of the recommendation for dismissal on the merits of plaintiff's claims.

"ignore security procedures," allowing an inmate to enter the yard with a weapon, causing the plaintiff's injury.

### 3. **Failure to Protect**

In order to state an Eighth Amendment claim for failure to protect an inmate, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, *and* prison officials acted with deliberate indifference to that risk and the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The plaintiff must show that prison officials ***actually knew of and disregarded*** an excessive risk of harm to the inmate's health and safety. *Id.* at 837. The defendant must be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists and the defendant must also draw that inference. *Id.*

A defendant may know about the risk of attack based either upon reasons personal to the plaintiff, or because all prisoners in his situation faced such a risk. *Warren v. Goord*, 579 F. Supp. 2d 488, 495 (S.D.N.Y. 2008)(citing *Farmer*, 511 U.S. at 843). Defendants may have knowledge if there is evidence that a substantial risk of inmate attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past and the circumstances suggest that the [defendant] . . . had been exposed to information concerning the risk." *Id.* (quoting *Farmer*, 511 U.S. at 842-43)(alteration in original).

In this case, plaintiff names the two officers who allegedly allowed the armed inmate to enter the yard as well as two supervisory officers, one of whom is the Superintendent of Great Meadow Correctional Facility. Plaintiff claims that usually, the guards use a metal detector. On the day in question, however, plaintiff states that

the officers did not use the metal detector, choosing instead to randomly pat frisk inmates. Plaintiff alleges that defendants Tyminski and Weeks allowed the unknown armed inmate to enter the recreation yard with a "sharp object" that was later used to attack plaintiff. Plaintiff claims that the two supervisory officers created a custom or policy that allowed the defendants to ignore proper security procedures.[3] Plaintiff does not state that he was in any specific danger, that he told anyone that he was in danger, that he knew his attacker, or that he knew why the incident took place. Plaintiff does not even allege that the "sharp object" was metal or that a metal detector would have prevented the assault.

Because there is no allegation that any of the defendants knew of a specific harm to plaintiff, the court must determine whether plaintiff has sufficiently alleged defendants' knowledge based on the theory that all prisoners in plaintiff's situation faced a substantial risk, and the defendants' disregarded that risk. Plaintiff claims that defendants Tyminski and Weeks did not use the standard procedure to screen inmates. Plaintiff states that the supervisory defendants created a "policy or custom" that allowed defendants Tyminski and Weeks to "ignore yard recreational security procedures on weekends in order to stay on schedule." Facts at ¶ 11 (Causes of Action). In plaintiff's Causes of Action, he states that defendants Tyminski and

---

[3] It is well-settled the personal involvement of a defendant is required for the assessment of damages in a section 1983 action. *Shell v. Brun*, 585 F. Supp. 2d 465, 2008 U.S. Dist. LEXIS 92029, *5 (W.D.N.Y. Nov. 13, 2008)(citing *inter alia Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). There are various ways for a plaintiff to allege personal involvement. *Id.* (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). One of the ways for defendants to be personally involved is if they created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom. *Id.*

Weeks followed a "custom or policy that allowed improper search procedures . . . ." Compl. ¶ 7 (Second Cause of Action). Thus, plaintiff is attempting to assert defendants' knowledge of the risk through what plaintiff views as a substantial risk to all inmates in his situation.

Plaintiff does *not* allege, however, that there was a well-documented history of attacks on the weekends when defendants did not use the metal detectors or that defendant prison officials had expressly noted that there had been attacks in the past. In *Warren*, plaintiff presented evidence showing a history of inmate-on-inmate violence in the recreation yards at Green Haven Correctional Facility, and thus, raised a genuine issue of material fact with respect to whether inmates at Green Haven faced a substantial risk of being assaulted by other inmates.[4]

Plaintiff in this case has simply stated that on weekends, defendants were allowed[5] to use other methods, such as random searches, to screen inmates prior to entering the yard. Although there is an implication that this action could regularly have been taken on weekends, there is no indication that there had been any other attacks on weekends when the metal detectors were not used, or that a metal detector would have prevented the attack. Allegations which are nothing more than conclusory statements are insufficient to state a claim under section 1983. *See Coronado v.*

---

[4] The court is well-aware that *Warren* was before the court on a motion for summary judgment, and this motion is a motion to dismiss, in which plaintiff must only present factual allegations sufficient to raise a right to relief above a speculative level. *Camarillo v. Carrols Corp.*, supra.

[5] Plaintiff states that on the day in question, defendants "did not use the metal detector but instead *chose* to randomly pat frisk to [sic] inmates while sending the rest down the hall and into the mess hall." Compl. Facts ¶ 2 (emphasis added).

*Goord*, 99 Civ. 1674, 2000 U.S. Dist. LEXIS 13876, *16-17 (S.D.N.Y. Sept. 26, 2000)(citations omitted).

At best, plaintiff claims that defendants negligently allowed an inmate to enter the yard with a sharp object because they did not follow proper security procedures. Negligence does not state a claim under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Thus, plaintiff does not state a claim for deliberate indifference.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No.10) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 18, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge